His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
This case presents only issues of fact. Prom .a judgment against the plaintiff she 'appeals.
■ The action is upon a policy of life insurance and the defense is that the -assured died “by his own hand, or act;” the policy being in that event void by its express terms.
There is a “sand pit” at the City Park consisting of a concrete curbing about one foot high and inside thereof loose sand in which the children play.
*248 According to the testimony of some ten or twelve witnesses, wholly disinterested in this controversy, this is what they saw at the sand pit in the early afternoon of Thursday, March 26th, 1914.
Outside the curbing, from four to six feet away, lay the body of a man, cold in death, with a bullet wound in his right temple, powder marked; but without other sign of violence on his body. Near his body, about a foot away, lay a revolver with two chambers recently discharged, .and three still loaded; in his pocket were six loaded cartridges.
Inside the curbing lay the body of a woman, also dead, with a bullet wound in her left temple, not powder marked; one foot still hanging upon the curbing.
Nearby, on the curbing, were two hats, an empty whiskey flask, and a memorandum book belonging to the man, on the fly leaf of which a woman had written: “My dying words are, Forgive me mother._ Mamie. Also forgive Eivers, we love each other.”
.The dead man was Eivers P. Sanchez, the assured. The woman was Mamie Dodds, his paramour.
Eliminating the wholly fanciful theory, that these unfortunates might have been murdered elsewhere and their bodies carried to the place where found, this evidence is conclusive that Mamie Dodds killed Eivers Sanchez and then killed herself, or vice versh, Eivers Sanchez killed Mamie Dodds and then killed himself.
We think the assured fired the fatal shots.
The loaded cartridges in the pocket of the assured tell us who carried about the means of death.
The pistol outside the curbing near the body of the insured, and away from the woman, tells us whose hand held it last.
*249 Opinion and decree, February 28th, 1916.
The gaping powder burned wound in the right temple of the assured tells us whose finger pressed the fatal trigger.
And Mamie Dodds, about to die, points out who was to perpetrate the frightful deed: “Also forgive Rivers, we love each other.” Does she who avenges her own wrongs •even unto death, ask forgiveness for ¡her victim1? She meant: Forgive him my death, because I love him.
We place no reliance upon certain other evidence adduced by the defendant, because we think most of it inadmissible. Nor do we place reliance upon the evidence adduced by plaintiff, because we think it false.
The judgment appealed from is correct.
Judgment affirmed.